**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **John Doe Employee**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SIRH, LLC**, an Arizona limited liability company; **RTH Enterprises, LLC**, an Arizona limited liability company; **John Doe Corporations I-XX**; **Rahul Haria and Jane Doe Haria**, a married couple; and **Hansa Haria and Jane Doe Haria II**, a married couple,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ*.** |

Plaintiff, John Doe Employee ("Plaintiff" or "John Doe Employee"), individually, and on behalf of all other individuals similarly situated, sues the Defendants SIRH LLC; RTH Enterprises, LLC; John Doe Corporations I-XX, Rahul Haria and Jane Doe Haria; and Hansa Haria and Jane Doe Haria II (collectively "Defendants" or "Denny's") and alleges as follows:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-1-

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

3.      Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees of Defendants who were Hourly Employees[1] and who worked for Defendants under more than one name in a given workweek and were not paid all overtime owed for the total time worked for Defendants in a given workweek.

---

[1]      For the purposes of this Complaint, "Hourly Employees" is exclusively a label used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff or the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

4.    Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay overtime properly in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5.    Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

6.    The Collective Members are all current and former employees who worked as Hourly Employees for Defendants and worked at more than one of Defendants' restaurant locations at any time starting three years before this Complaint was filed, up to the present.

7.    Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

8.    Defendants own, operate, or otherwise manage a chain of Denny's restaurants with multiple locations company in the Phoenix Metropolitan Area.

9.    At all relevant times, Defendants have operated pursuant to a policy and practice of intentionally sharing Hourly Employees between their restaurant locations, requiring them to work in excess of 40 hours in a given workweek, requiring them to work under more than one name, reporting hours worked across multiple such names to reduce or eliminate the appearance of overtime worked, and not paying overtime for time

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

worked in excess of 40 hours under the pretext that such work was performed by multiple individuals when it was actually performed by one individual.

10.    At all relevant times, pursuant to this practice, Defendants have willfully failed or refused to pay overtime to their Hourly Workers.

11.    In willfully refusing to pay overtime, Defendants have violated the overtime provisions of 29 U.S.C. § 207.

<u>**JURISDICTION AND VENUE**</u>

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

<u>**PARTIES**</u>

14.    At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former Hourly Worker of Defendants.

15.    At all material times, Defendant SIRH LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant SIRH LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

16.     At all relevant times, Defendant SIRH LLC was a franchisee of Denny's restaurants and owned and operated as a chain of Denny's restaurants with multiple locations company in the Phoenix Metropolitan Area

17.     Under the FLSA, Defendant SIRH LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, SIRH LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Denny's employees, Defendant SIRH LLC is subject to liability under the FLSA.

18.     At all material times, Defendant RTH Enterprises, LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant RTH Enterprises, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

19.     At all relevant times, Defendant RTH Enterprises, LLC was a franchisee of Denny's restaurants and owned and operated as a chain of Denny's restaurants with multiple locations company in the Phoenix Metropolitan Area

20.     Under the FLSA, Defendant RTH Enterprises, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, RTH Enterprises, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the

conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Denny's employees, Defendant RTH Enterprises, LLC is subject to liability under the FLSA.

21.     Upon information and belief, Defendant(s) John Doe Corporations I-XX are and/or were, at all times relevant herein, individuals, groups, partnerships, and/or other entities which: (1) may have been owned or operated by or in conjunction with any of the Defendants as a "Denny's" franchisee restaurant location; (2) may have hired individuals, including Plaintiff or the Collective Members as employees of any of the named Defendants; (3) may have been involved in Plaintiff's or the Collective Members' damages; and/or (4) are otherwise proper parties to this lawsuit.  The identities of Defendant(s) John Doe Corporations I-XX remain unknown despite Plaintiff's' due diligence.

22.     At all relevant times, Defendant(s) John Doe Corporations I-XX were employers under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant(s) John Doe Corporations I-XX had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

company's employees, Defendant(s) John Doe Corporations I-XX is subject to liability under the FLSA.

23.     Upon information and belief, Defendant(s) John Doe Corporations I-XX do business as "Denny's."

24.     Defendants Rahul Haria and Jane Doe Haria are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Rahul Haria and Jane Doe Haria are owners or managers of Denny's and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

25.     Under the FLSA, Defendants Rahul Haria and Jane Doe Haria are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Rahul Haria and Jane Doe Haria had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Denny's employees, Defendants Rahul Haria and Jane Doe Haria are subject to individual liability under the FLSA.

26.     Defendants Hansa Haria and Jane Doe Haria II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Hansa

Haria and Jane Doe Haria II are owners or managers of Denny's and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

27.     Under the FLSA, Defendants Hansa Haria and Jane Doe Haria II are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Hansa Haria and Jane Doe Haria II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Denny's employees, Defendants Hansa Haria and Jane Doe Haria II are subject to individual liability under the FLSA.

28.     On information and belief, as a company-wide strategic decision, Defendants incorporate many of their Denny's restaurant locations as separate legal entities that are all owned, in whole or in part, by Defendants Rahul Haria and Jane Doe Haria and Hansa Haria and Jane Doe Haria II.

29.     On information and belief, Defendants' Denny's restaurants all share common human resources management.

30.     On information and belief, Defendants' Denny's restaurants all share a common employee handbook and training materials.

31.     On information and belief, Defendants' Denny's restaurants share employees between locations.

32.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

33.     On information and belief, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants in Maricopa County, Arizona.

34.     On information and belief, at all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members under the FLSA.

35.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the chain of restaurants that comprise the business offerings of Denny's.

36.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

37.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

38.     Defendants, and each of them, are sued in both their individual and corporate capacities.

39.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

40.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

41.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

42.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

43.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

44.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

45.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

46.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

47.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

48.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

49.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

50.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

51.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in interstate commerce.

52.     Plaintiff and the Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

53.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54.     Defendants own and/or operate as Denny's, an enterprise doing business in Maricopa County, Arizona.

55.     On information and belief, Defendants own and operate at least five Denny's restaurants in the Phoenix Metropolitan Area.

-11-

56.     On information and belief, Defendants own and operate the Denny's restaurants at the following locations:

a.      1210 E. Main St., Mesa, AZ 85203 (the "Mesa Location");

b.      4403 S. Rural Rd., Tempe, AZ 85282 (the "Tempe Location");

c.      1750 W. Chandler Blvd., Chandler, AZ 85224 (the "Chandler Location");

d.      1661 E. Warner Rd., Gilbert, AZ 85296 (the "Gilbert Location"); and

e.      1343 W. Broadway Rd., Tempe, AZ 85282 (the "Broadway Location").

57.     On information and belief, Defendants own and operate additional Denny's entities not listed in the previous paragraph.

58.     In or around 2018, Defendants hired Plaintiff to work for them as a cook at the Gilbert Location .

59.     At all relevant times, as a server, Plaintiff's primary job duties included preparing food, cooking food, cleaning the kitchen and back of house, and other various kitchen-related duties.

60.     Defendants, in their sole discretion, paid Plaintiff a regular rate of approximately $23 per hour.

61.     Throughout his employment, Plaintiff generally worked at the Gilbert Location.

-12-

62.     However, throughout his employment, Defendants often assigned Plaintiff to work at the Tempe Location, the Chandler Location, the Mesa Location, and the Broadway Location.

63.     Plaintiff, in his work for Defendants, was generally scheduled to, and did, work approximately between 70 and 85 hours per week.

64.     Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

65.     Plaintiff typically worked approximately between 70 and 85 hours per week for Defendants.

66.     Throughout his employment with Defendants, Plaintiff was generally paid on a biweekly basis.

67.     Rather than compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants required Plaintiff to work under multiple different names and issued Plaintiff multiple paychecks in the same biweekly pay period under such names in an attempt to avoid paying overtime.

68.     For example, for the biweekly pay period of May 16, 2024, through May 29, 2024, the paycheck issued in Plaintiff's actual name shows that he worked 90.81 hours under his own name and was paid 10.81 hours of overtime.  However, for the same biweekly pay period, Plaintiff was issued a paycheck in the name of "Jorge Cortez" for an additional 26.58 hours at his regular rate of pay.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-13-

69.     For example, for the biweekly pay period of May 30, 2024, through June 12, 2024, the paycheck issued in Plaintiff's actual name shows that he worked 98.13 hours under his own name and was paid 18.13 hours of overtime.  However, for the same biweekly pay period, Plaintiff was issued a paycheck in the name of "Jorge Cortez" for an additional 67.78 hours at his regular rate of pay.

70.     For example, for the biweekly pay period of June 13, 2024, through June 26, 2024, the paycheck issued in Plaintiff's actual name shows that he worked 94.56 hours under his own name and was paid 14.56 hours of overtime.  However, for the same biweekly pay period, Plaintiff was issued a paycheck in the name of "Jorge Cortez" for an additional 67.78 hours at his regular rate of pay.

71.     For example, for the biweekly pay period of June 27, 2024, through July 10, 2024, the paycheck issued in Plaintiff's actual name shows that he worked 94.73 hours under his own name and was paid 14.73 hours of overtime.  However, for the same biweekly pay period, Plaintiff was issued a paycheck in the name of "Jorge Cortez" for an additional 45.80 hours at his regular rate of pay.

72.     For example, for the biweekly pay period of July 11, 2024, through July 24, 2024, the paycheck issued in Plaintiff's actual name shows that he worked 87.53 hours under his own name and was paid 7.53 hours of overtime.  However, for the same biweekly pay period, Plaintiff was issued a paycheck in the name of "Jorge Cortez" for an additional 43.83 hours at his regular rate of pay.

73.     Defendants' practice of requiring Plaintiff to work under multiple names has continued since on or about the inception of Plaintiff's employment.

-14-

74.     For example, for the biweekly pay period of July 16, 2020, through July 29, 2020, the paycheck issued in Plaintiff's actual name shows that he worked 78.20 hours under his own name and no overtime paid.  However, for the same biweekly pay period, Plaintiff was issued a paycheck in the name of "Carl Foster" for an additional 45.85 hours at his regular rate of pay.

75.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

76.     As a result of Defendants' failure to compensate Plaintiff an overtime premium for all hours he worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

77.     Defendants classified Plaintiff as W-2 employee.

78.     At all relevant times, Plaintiff was a non-exempt employee.

79.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

80.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

81.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

82.     All actions and agreements by Defendants described herein were willful and intentional, and they were not the result of mistake or inadvertence.

83.     Defendants were aware that the FLSA applies to their business at all relevant times and that, under the FLSA, they were required to pay overtime for time worked in excess of 40 hours in a given workweek to Plaintiff and the Collective Members.

84.     Employees working under conditions similar to those employed with Defendants have been determined to be owed unpaid overtime in other FLSA cases. Despite this knowledge of their violations, and in an effort to enhance Defendants' profits, Defendants continued to intentionally require Hourly Employees to work under more than one name, report hours worked across multiple such names to reduce or eliminate the appearance of overtime worked, and not pay overtime for time worked in excess of 40 hours under the pretext that such work was performed by multiple individuals when it was actually performed by one individual.

85.     In doing so, Defendants knowingly suffered or permitted Plaintiff and the Collective Members to work in excess of 40 hours during a workweek without paying them overtime compensation at a rate of one and one-half times their regular rate for all such hours worked.  Such conduct was intentional, unlawful, fraudulent, deceptive, unfair, and contrary to public policy.

## INJURY AND DAMAGE

86.     Plaintiff and the Collective Members suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

87.     Plaintiff and all Members of the putative Collective were entitled to overtime pay for their work performed for Defendants.  By failing to pay Plaintiff and the

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Collective Members overtime pay, Defendants injured Plaintiff and the Collective Members and caused them financial loss, harm, injury, and damage.

### FLSA COLLECTIVE ACTION ALLEGATIONS

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

90.     Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated Hourly Employees of Defendants, who were not paid all overtime compensation required by the FLSA during the relevant time period as a result of Defendants' aforementioned compensation policies and practices.

91.     At all relevant times, in their work for Defendants, the Collective Members worked for an hourly wage for Defendants.

92.     The Collective Members, in their work for Defendants, were generally scheduled to, and did, work in excess of 40 hours per week.

93.     Defendants did not compensate the Collective Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

94.     Rather than compensate the Collective Members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants required them to work in excess of 40 hours in a given workweek, required them to work under more than one name, reported hours worked across multiple such names to reduce or eliminate the appearance of overtime worked, and did not pay

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

overtime for time worked in excess of 40 hours under the pretext that such work was performed by multiple individuals when it was actually performed by one individual.

95.     Plaintiff and the Collective Members did not apply or interview separately to work for any of the Denny's locations at which they worked.  Instead, Defendants assigned Plaintiff and the Collective Members to work for whichever location they determined, at their sole and exclusive direction.

96.     Throughout their employment, Defendants shared Plaintiff and the Collective Members between their restaurant locations.

97.     Plaintiff and the Collective Members regularly worked for Defendants at multiple of their locations during their regular workweeks.  Plaintiff and the Collective Members clocked in separately at each location for the hours they worked.

98.     Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All current or former Hourly Employees (or individuals with other similar job duties or titles), who work(ed) for any of the Defendants, and/or any of Rahul Haria's or Hansa Haria's owned and/or managed Denny's restaurants, who worked under more than one name and/or who did not receive an overtime premium of one and one-half times their regular rates of pay for time spent working in excess of 40 hours in at least one workweek at any time during the past three years before the filing of the Complaint up to the present.**

99.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay

provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay its Hourly Employees an overtime premium for all time worked in excess of 40 hours in a given workweek.

100.    Plaintiff's claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

101.    Plaintiff and the Collective Members are hourly employees who are entitled to be paid an overtime premium for all time worked in excess of 40 hours in a given workweek.

102.    The Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of such overtime wages.

103.    Defendants' failure to overtime as required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

104.    The experiences of Plaintiff, with respect to their pay, are typical of the experiences of the Collective Members.

105.    All of the Collective Members, irrespective of their particular job requirements and job titles, are entitled to compensated for their owed tips.

106.    The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255.  As alleged above,

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Plaintiff and the Collection Members' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all individuals employed by Defendants within three years from the filing of this Complaint.

107. Upon information and belief, Defendants have employed more than fifty (50) such Hourly Employees during the period relevant to this action.

108. The identities of these individuals, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

109. Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

110. Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful failure to pay the applicable overtime as required by the FLSA.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

111. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

-20-

112.    Defendants willfully failed or refused to pay Plaintiff and the Collective Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

113.    As a result, Defendants failed to compensate Plaintiff and the Collective Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

114.    Defendants' practice of willfully failing or refusing to pay Plaintiff and the Collective Members at the required overtime wage rate violates the FLSA, 29 U.S.C. § 207(a).

115.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff and the Collective Members employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

116.    Plaintiff and the Collective Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, John Doe Employee, individually, and on behalf of all other similarly situated persons, request that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one or more of the following acts:

  i.   violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

  ii.   willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.   For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.   For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.   For the Court to provide reasonable incentive awards to Plaintiff to compensate him for the time spent attempting to recover wages for the Collective Members and for the risks taken in doing so; and

G.   Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

RESPECTFULLY SUBMITTED this 8th day of August 2024.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*